**Opinion filed December 4, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00172-CV

_____

## IN THE INTEREST OF A.B., R.B., AND S.B., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11364-CX**

### M E M O R A N D U M   O P I N I O N

Appellant-Mother appeals the trial court's order terminating her parental rights to her children, A.B., R.B., and S.B.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2024).  We affirm the order of termination.[2]

---

[1] We use initials to refer to the children.  TEX. R. APP. P. 9.8(b).

[2] The trial court also terminated the parental rights of the children's alleged father and any unknown fathers.  The alleged father did not file a notice of appeal.

On January 23, 2024, the day after Appellant gave birth to S.B., the Department of Family and Protective Services (the Department) began investigating a report of physical neglect by Appellant and the alleged father of S.B., eighteen-month-old R.B., and four-year-old A.B. Appellant, the alleged father, and the three children were living in a home with no running water that was "pending a condemned status." A.B. had an injury that appeared to be infected, and S.B. was diagnosed with failure to thrive in February 2024. A.B. and R.B. were also underweight, purportedly due to their limited access to food. After Appellant and the alleged father went with the children to stay at the Salvation Army, the Department gave them the opportunity to participate in family-based safety services[3] (FBSS). The Department likewise provided information on housing resources and items to meet the children's basic needs, such as diapers, wipes, and lice kits.

On March 5, 2024, the family was "exited" from the Salvation Army after Appellant and the alleged father repeatedly failed to comply with the rules. The Department was granted temporary managing conservatorship of the children, who were subsequently drug tested and medically evaluated. R.B. and S.B. were positive for codeine, and S.B. tested positive for marihuana. Medical testing revealed that A.B. had Herpes 1, Hepatitis A, and Hepatitis B. R.B. had Hepatitis A. The children were likely exposed to Hepatitis A and B through Appellant, and to oral herpes by the alleged father. Even at the time of trial, A.B. was underweight, developmentally far behind, and required neurosurgery. A.B. and R.B. were doing well in their foster

---

[3]"Family-based safety services are protective services provided to a family whose children are not in the conservatorship of the Department." 40 TEX. ADMIN. CODE ANN. § 700.710 (2021). The Department's Child Protective Services Division provides family-based safety services to families and children "to: (1) protect the children from abuse and neglect; (2) help the family reduce the risk of future abuse or neglect; and (3) prevent the removal of the children from their home." *Id*.

home. S.B. was learning to walk, was eating well, and was transitioning to a permanent home.

Neither Appellant nor the alleged father appeared for the final termination hearing. Paternity was never established because the alleged father never submitted to court-ordered genetic testing. The Department presented the testimony of the FBSS caseworker and permanency case manager, who attested that neither Appellant nor the alleged father demonstrated the ability to meet the children's basic needs such as food and stable housing with working utilities. Appellant was given many resources through which she would have been able to secure employment and necessities, but she and the alleged father instead chose to live in a park and in temporary shelters for the majority of the case. Additionally, the alleged father tested positive for methamphetamine and marihuana two months before the final hearing and informed the case manager that he intended to continue using marihuana. Appellant frequently missed required drug tests and knew that the alleged father used drugs. Because Appellant never established that she could maintain a legal source of income, safe housing, and other basic needs for her children, the Department recommended that the trial court terminate the parent-child relationship between Appellant and the children.

The trial court found by clear and convincing evidence that Appellant endangered the children as set forth in Sections 161.001(b)(1)(D) and (E), and failed to comply with the provisions of her court-ordered service plan under Section 161.001(b)(1)(O). *See* FAM. § 161.001(b)(1)(D), (E), (O). The trial court further found that termination was in the children's best interest, and issued its order terminating Appellant's parental rights to A.B., R.B., and S.B. *See id.* § 161.001(b)(2).

3

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel certified to this court that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to his motion to withdraw, and to file a pro se response to counsel's *Anders* brief. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders, Schulman, and Kelly. See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit.

However, in light of the Texas Supreme Court's holding in *In re P.M.*, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.* at 27–28. In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

4

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.


JOHN M. BAILEY

CHIEF JUSTICE


December 4, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.